

Henry E. Mazurek
*Partner*
Direct (212) 655-3594
Fax (212) 655-3535
hem@msf-law.com

**VIA ECF**

July 11, 2022

Hon. Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza South
Brooklyn, NY 11201

**Re: *CFTC v. Yehuda L. Belsky and Y Trading LLC*, 1:18-cv-5408-NG-VMS**

Dear Judge Scanlon:

We write on behalf of our clients Yehuda Belsky and Y Trading LLC[1] to request that a guardian *ad litem*[2] be appointed for each defendant. In connection with this request, we also respectfully ask for an extension of time to file responsive pleadings to allow us to consult with the court-appointed guardian before filing.

We continue to represent that our clients are presently not able to guide us for purposes of any substantive pleadings, until an appropriate guardian *ad litem* is ordered by the Court. *See* Model Rules of Prof'l Conduct R. 1.16 cmt. 6 (2006) (stating that a client with "severely diminished conduct" may "lack the legal capacity" to decide fundamental issues, such as whether to retain or discharge a lawyer, leaving counsel to consult with Model Rule 1.14 for guidance; this lack of capacity clearly prevents counsel from taking any substantive position on litigation without a client's, or his court-appointed guardian's, guidance). We ask the Court to set the deadline for responsive pleadings two weeks from the date the Court enters an order appointing the requested legal guardian.



---

[1] Y Trading LLC is a single-member limited liability company, of which Mr. Belsky is the only member. It has no employees or any other representatives.

[2] Black's Law Dictionary defines a guardian *ad litem* as "[a] guardian, [usually] a lawyer, appointed by the Court to appear in a lawsuit on behalf of an incompetent or minor party." Black's Law Dictionary 725 (8th ed. 2004).



, we move this Court to appoint Mr. Belsky's brother-in-law, David Berger, to act as guardian *ad litem, i.e.,* for the limited purpose of acting on Mr. Belsky's behalf for this litigation only. Under Federal Rule of Civil Procedure 17(c)(2), the court has express authority to appoint a guardian. Rule 17(c)(2) states that the "court must appoint a guardian *ad litem*--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." This "duty to appoint a guardian *ad litem* or 'make such order as it deems proper,' is triggered by 'actual documentation or testimony' of 'mental incompetency.'" *Perri v. City of New York*, 350 F. App'x 489, 491 (2d Cir. 2009) (internal citations omitted); *Chapman v. Ring's End, Inc.,* No. 3:17-CV-01084 (VAB), 2020 WL 3430350, at *4–5 (D. Conn. June 23, 2020) ("upon receipt of 'verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent,' courts must consider whether a guardian *ad litem* should be appointed under Rule 17(c)") (internal citations omitted).

Therefore, we request that the Court appoint Mr. David Berger to act as limited guardian *ad litem* of Mr. Belsky and Y Trading LLC. We have conferred with Mr. Berger about this fiduciary responsibility and believe that he is competent to undertake this judicially ordered position.

If the Court would like to undertake an examination of Mr. Berger to determine his competence to act as legal guardian for Mr. Belsky and Y Trading LLC, we can make Mr. Berger available at the Court's convenience. *See Nielson v. Colgate-Palmolive Co.,* 199 F.3d 642, 651-54 (2d Cir. 1999) (setting forth procedural requirements for appointment of guardians *ad litem* under Rule 17(c)) (citing *Mathews v. Eldridge,* 424 U.S. 319, 334-35 (1976)). While Rule 17(c) is bereft of any qualification criteria for those appointed as federal court guardians *ad litem*, we can provide additional information to the Court about Mr. Berger's educational and professional background or, as stated above, make him available for the Court's inquiries. Since Second Circuit case law posits that courts have a "continuing obligation to supervise the guardian *ad litem's* work," this Court might also want to participate in a specific initial finding

that the guardian is appropriate under federal law. *See Neilson*, 199 F.3d at 652. We can appear with Mr. Berger at the Court's convenience.

We conferred with Plaintiff's counsel by conference call on June 24, 2022, and presented this draft proposal in writing last Friday. Plaintiffs' counsel have not yet indicated a position on our request to appoint a guardian *ad litem* for defendants in this matter, or the specific appointment of David Berger as guardian.

Respectfully submitted,

/S/HEM

Henry E. Mazurek
Priya K. Pasricha
*Counsel for Defendants Yehuda Belsky and
Y Trading LLC*

cc:    Counsel of record (*via ECF* and *email)*