
**U.S. COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, NW, Washington, DC 20581
Telephone: (202) 418-5320
Facsimile: (202) 418-5523
www.cftc.gov

DANIELLE E. KARST
TRIAL ATTORNEY
(202) 418-6158 DIRECT
DKarst@cftc.gov

Division of Enforcement

July 14, 2022

**VIA Electronic Case Filing System (ECF)**
The Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, NY 11201

**Re:** *CFTC v. Yehuda L. Belsky and Y Trading LLC,* **No. 1:18-cv-5408-NG-VMS – CFTC's Response to July 11, 2022 Motion by Defendants' Counsel for Appointment of a Guardian** *Ad Litem*

Dear Judge Scanlon:

Plaintiff Commodity Futures Trading Commission ("CFTC") submits this response to the July 11, 2022 letter motion submitted by counsel for Defendants Yehuda L. Belsky and Y Trading LLC seeking appointment of a guardian *ad litem* for each Defendant. Motion to Appoint, D.E. 35. Specifically, counsel proposes that the Court appoint "Mr. Belsky's brother-in-law, David Berger, to act as guardian *ad litem*, *i.e.*, for the limited purpose of acting on Mr. Belsky's behalf for this litigation only." D.E. 35 at 2.

The CFTC agrees to the necessity of appointment of a guardian *ad litem* in this case based upon the representations of Belsky's counsel and the forensic psychiatric report submitted to the Court on June 17, 2022. Status Report, D.E. 34. Regarding defense counsel's specific request for the appointment of David Berger to serve as Defendants' guardian *ad litem*, the CFTC lacks sufficient information at this time to take a position on the suitability of his appointment.

Although the CFTC agrees to the necessity of appointment of a guardian *ad litem*, it may be necessary for the Court to make a formal determination of Belsky's incompetence prior to the appointment of a guardian.[1] The CFTC is unaware of any such determination or adjudication of

---

[1] Federal courts apply the law of the state of an individual's domicile to determine competence. Fed. R. Civ. P. 17(b)(1); *Mil'Chamot v. NYC Hous. Auth.*, No. 1:15-cv-108, 2016 WL 7756626, at *3 (S.D.N.Y. Dec. 20, 2016). New York's Mental Hygiene Law provides statutory criteria by which capacity may be determined. N.Y. MENTAL HYG. § 81.02(b) ("The determination of

Belsky's incompetence by any court or public agency, and the CFTC understands from counsel that Belsky does not otherwise have any type of guardian or representative in place for any of his other financial or legal affairs. Fed. R. Civ. P. 17(c) "invests this Court with the authority to conduct an inquiry regarding the litigant's competency," and as part of that authority it may require a party "to submit to a psychiatric examination, so that the court may have medical facts on which its decision on the necessity of appointing a guardian *ad litem* can be based." *See Cox v. Amer. Stock Exch.*, No. 1:95-cv-9717, 2002 WL 1968290, at *1 (S.D.N.Y. June 10, 2002) (quoting *Cyntje v. Government of the Virgin Islands*, 95 F.R.D. 430, 431-32 (D.V.I. 1982)). Given the circumstances and well-documented history of Belsky's fraud, it may be appropriate for the Court to exercise its discretion in conducting an inquiry or hearing to assess Belsky's competency.

                                                Sincerely,

                                                Danielle E. Karst

cc:     Counsel of record (via ECF and email: hem@msf-law.com)

---

incapacity shall be based on clear and convincing evidence and shall consist of a determination that a person is likely to suffer harm" based on specific factors).